### 14102.   BAILEY *v.* THE STATE.

1. There was sufficient evidence to authorize the verdict of guilty.
2. The meaning of the words "reasonable doubt" is so obvious that the omission to define them in the charge of the court, where there is no appropriate written request so to do, will not require a new trial.

DECIDED MARCH 6, 1923.

Accusation of disposing of mortgaged property; from city court of Miller county — Judge Geer. November 6, 1922.

*R. D. Welch, N. L. Stapleton,* for plaintiff in error.
*P. D. Rich, solicitor,* contra.

LUKE, J. 1. The defendant was convicted of having unlawfully, after giving a mortgage lien over all of his crops up and growing, removed and disposed of the mortgaged property so as to hinder, delay, and prevent the levying officers from levying on the said mortgaged property. We cannot say that there was not some evidence to authorize the verdict of guilty, which verdict has the approval of the trial judge.

2. The first and second special grounds of the motion for a new trial are but amplifications of the general grounds. The third and fourth special grounds of the motion for a new trial, which complain of the court's failure to charge the rule of reasonable doubt and to define to the jury the meaning of reasonable doubt, are without merit. As was said in *Elder* v. *State,* 143 *Ga.* 383 (85 S. E. 197), "the words reasonable doubt are of such obvious signification that in the absence of an appropriate written

request, an omission to define them will not require a new trial."
The charge of the court when read in its entirety was full and
sufficient. It was not error to overrule the motion for new trial.
*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*